[No. 4081.]

HAINES v. CHRISTIE ET AL.

1. APPELLATE PRACTICE—FINAL JUDGMENT.

In an action to require an accounting and settlement between the legatees of a will and heirs of the estate, a decree that adjudged certain parties indebted to the estate in certain sums over and above their distributive shares, and directed that the amounts be paid into court to the credit of the estate, and further directed that it be distributed amongst certain heirs of the estate, naming them and the amount to be paid to each, was such personal and final judgment as would support a writ of error although it was not in favor of nor against any particular party acting individually or in a representative capacity.

2. ESTATES OF DECEDENTS—PRACTICE.

Ordinarily and in due course of administration of an estate, money adjudged to be due the estate would be paid into the county court or to the personal representative, but where all parties interested were present in the district court and without objection there litigated the matters in dispute between them, none of them can complain that the decree requires money to be paid into the district court for disbursement by that tribunal, where the decree provides for the distribution to the persons entitled to the same, specifying the amount to be paid each distributee.

3. JUDGMENTS—CERTAINTY AS TO AMOUNT.

A decree that directed the payment into court of a certain sum to the credit of an estate and that the sum be distributed to certain named heirs of the estate specifying the amount to be paid each, less their *pro rata* share of the costs of administration, is not so uncertain and indefinite in amount that it will not support a writ of error.

*Error to the District Court of Arapahoe County.*

Mr. JAMES H. BROWN, Mr. CÆSAR A. ROBERTS and Mr. A. W. GILLETT, for plaintiff in error.

Mr. JOHN D. FLEMING, Mr. RALPH TALBOT and Mr. AMOS STECK, for defendants in error.

PER CURIAM. This is a motion to dismiss the writ of error. Diadamia Haines, deceased, in her lifetime made a

will naming Sidney P. Haines as executor. After her decease, as it is alleged in the complaint, the devisees in the will who were her heirs at law, deeming the will not sufficient in form to be entitled to probate, nevertheless made a family settlement by the terms of which, among other things, they agreed not to object to its informality. Thereupon the will was probated in the county court of Arapahoe county, and the plaintiff in error was granted letters testamentary.

Certain differences arose among the devisees with reference to their distributive share of the estate and concerning the amounts which some of them claimed that the others owed the estate arising out of business transactions between them and testatrix during her lifetime. For the purpose of settling these disputes, Sidney P. Haines, as executor of the will, and as one of the heirs of deceased, brought this action in the district court of Arapahoe county, while administration of the estate was pending in the county court, and an accounting was asked between the parties to the action, the object being to obtain a judicial determination of all the matters in dispute between the persons entitled to share in the assets of the estate. Upon issues joined a trial was had and a decree rendered, to reverse which Sidney P. Haines, one of the parties against whom a personal judgment was rendered, has sued out this writ of error.

One of the defendants in error, Frank C. Schroter, moved to dismiss this writ upon the ground that the decree sought to be reviewed is not such a final judgment or decree as will support a writ of error. The particulars wherein he claims that it is lacking are, first, that it is not in favor of any person acting individually or in a representative capacity; second, that it is not against any person or in favor of any other person so acting; third, that it is not for any certain, definite or fixed amount, but, on the contrary, is indefinite and uncertain as to the amounts to be paid to the several beneficiaries mentioned therein.

So much of the decree as is material to the determination of the motion is as follows:

" Wherefore, by virtue of law and by reason of the prem-
ises aforesaid and all matters having been duly considered
by the court, it is hereby ordered, adjudged and decreed as
follows :

\*      \*      \*      \*      \*      \*      \*      \*

"*Fourth.* That plaintiff Sidney P. Haines is indebted to
estate in sum of $14,473.01 over and above his distributive
share therein; that said Sidney H. Schroter is indebted to
estate in the sum of $643.41 over and above his distributive
share therein, that Frank C. Schroter is indebted to estate
in the sum of $729.51 over and above his distributive share
therein.

"*Fifth.* That said Sidney P. Haines, Sidney H. Schroter
and Frank C. Schroter do pay in this court forthwith, to the
credit of said estate, the respective sums so found to be due
by them as aforesaid.

"*Sixth.* That out of said moneys and after payment of
costs of administration, if any, there shall be paid out and
distributed by the court to the following parties thereunto
entitled, as heirs of said estate, the amounts subjoined and
set opposite their respective names, less their *pro rata* share
of said charges of administration, to wit: to Annie M. Chris-
tie, $9,483.22; to George A. Schroter, $1,167.81; to Harriet
W. Bacon, $2,547.45; to Anna D. Patterson, $2,547.45."

Considering the nature and object of the action, and by
referring to the pleadings, the findings and the entire decree,
it is clear that the fourth clause is a judicial ascertainment
that each of the three devisees named therein is indebted in
a fixed amount to the estate of Diadamia Haines, and that
under the fifth clause each of them is required forthwith to
pay the same into court. This, then, is a personal judgment
in favor of the estate and against specified persons. Ordi-
narily, and in due course of administration of an estate, money
adjudged to be due it would be paid into the county court, or
to the personal representative, but since all the parties inter-
ested were present in the district court and without objection
there litigated the matters in dispute between them, there can

be no complaint, by any, of the requirement in the decree that the money be paid into the district court for disbursement by that tribunal. Especially is this true as, by the sixth clause of the decree, there is a provision for the distribution of the respective amounts required to be paid into court, and the persons severally entitled to receive them, and the amounts belonging to each, are named therein. There is, therefore, in this decree a final judgment against certain persons in their individual capacity, and for a definite sum of money in favor of an estate, with a further determination that when the amounts of that judgment are paid into court, they shall be distributed in a certain way and to designated persons.

The further contention that the decree is indefinite and uncertain in amount, is based upon the provision of the sixth clause that the money required by the fifth to be paid into court is to be distributed only after the payment of costs of administration; and as the administration of the estate is still pending in the county court, the costs thereof cannot be judicially ascertained until after the estate is settled, and hence the decree in the case at bar cannot be final until after the ascertainment is made.

To this it is a sufficient answer to say that, so far as concerns Sidney P. Haines, the plaintiff in error, there is nothing interlocutory, conditional, indefinite or uncertain in the decree, particularly as to the amount which he is required thereby forthwith to pay into court; and so the decree is not only final as to him, but fixed and definite in amount, and nothing further remains to be done by the court to fix his liability. Frank C. Schroter is, also, one of the devisees who, by the decree, is required to pay into court a certain sum of money, and he makes the motion to dismiss the writ; but he has not seen fit to object to the decree, and perhaps, for that reason, is not in a position to raise the question as to its indefiniteness. But even if he were one of the parties to the action in whose favor the decree went, we could not agree with his contention that the decree is not final and for a fixed and definite amount as to the devisees against whom it was

rendered. Whether the decree is, or is not, definite or final as between the parties entitled to the fund to be paid into court is not a matter that affects the question now before us.

We are of opinion that the decree as to plaintiff in error is final, and that it will support an execution against him and in favor of those named in the sixth clause. The motion to dismiss is, therefore, denied.

*Motion denied.*